IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SILVANO HERAS-QUEZADA,

      Petitioner,

v.                                      CV 12-0615 JP/WPL

RAY TERRY,
ADRIAN MACIAS, and
ERIC H. HOLDER, JR.,

      Respondents.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

This matter is before me on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 8) and Respondents Ray Terry, Adrian Macias, and Eric H. Holder, Jr.'s objections thereto (Doc. 9). Petitioner Silvano Heras-Quezada filed a response to the objections. (Doc. 10.) The PFRD recommended granting Heras-Quezada's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondents object to the PFRD on two grounds: (1) the mandatory detention provision of 8 U.S.C. § 1226(c) is ambiguous and the Board of Immigration Appeal's ("BIA's") interpretation of the statute deserves deference; and, (2) the Court does not have jurisdiction over Respondents Macias and Holder, so they should be dismissed. Having conducted a *de novo* review, I find the objections to be without merit for the following reasons.

Respondents first object to the Magistrate Judge's interpretation of § 1226(c), which states that an alien must be detained "when . . . released" from custody. The Magistrate Judge found that this language unambiguously requires detention immediately following release and that detention two years after release from custody exceeds the scope of this statute. (Doc. 8 at 7.) In coming to this conclusion, the Magistrate Judge relied on the plain meaning of the word "when" as well as the

context of the overall statute. (*Id*. at 6-8.) After concluding that the language was unambiguous, the Magistrate Judge noted that a number of other district courts, including this Court, had come to the same conclusion. (Doc. 8 at 7-8 (citing *Melero-Valdez v. Terry, et al*, No. 2:11-cv-897 JP/LAM (D.N.M. April 8, 2012)).)

Respondents object to this interpretation. They ask me to apply a decision by the Fourth Circuit, which held that § 1226(c) is ambiguous and that the BIA's interpretation of the statute deserves deference. (Doc. 9 at 3 (citing *Hosh v. Lucero*, 680 F.3d 375, 377 (4th Cir. 2012)).)

The Magistrate Judge noted the decision of the Fourth Circuit but rejected it. (Doc. 8 at 8.) While the Magistrate Judge did not explicitly discuss the holding of *Hosh,* he did analyze the statutory language and concluded that it was unambiguous, and, by extension, that the holding of *Hosh* was incorrect. Additionally, as District Judge M. Christina Armijo recently noted in a similar § 2241 case,

> [T]he *Hosh* decision is not binding on this Court, and [it] does not change the fact that . . . the majority of federal district courts that have ruled on this issue have agreed that the language 'when the alien is released' in § 1226(c) unambiguously means immediately after their release . . . .

*Arellano v. Terry, et al*., No. CV 2:12-0112 MCA/LAM, Doc. 13 at 2-3 (D.N.M. July 30, 2012) (emphasis in original) (citing seventeen cases that have held "when . . . released" is unambiguous). Since the Magistrate Judge properly found that the statutory language is unambiguous, and since the majority of district courts, including this one, support this conclusion, I overrule Respondents' first objection.

Respondents' second objection is to the naming of Holder and Macias in this action. (Doc. 9 at 12.) They argue that this Court lacks personal jurisdiction over both Holder and Macias and that they should be dismissed.[1] (*Id*. at 13.) The Magistrate Judge found that Macias and Holder were

---

[1] This is the first time Respondents have raised the theory of personal jurisdiction. Typically, arguments raised for the first time in an objection to a PFRD are deemed waived. *United States v. Garfinkle*,

properly named parties in this action as a matter of practicality. The Attorney General and the Department of Homeland Security ("DHS") have shared jurisdiction in immigration matters. (Doc. 8 at 4.) The Magistrate Judge's core concern was whether Terry, as warden of the detention facility under DHS's control, would be able to provide the requested relief of holding a bond hearing. In order to achieve the requested relief, which requires action by both administrative agencies, the Magistrate Judge concluded that Macias, Holder, and Terry must be named. (*Id*. at 3-4.)

Respondents acknowledge this reasoning, but they fail to address it in their objection; rather, they focus on the question of physical custody over Heras-Quezada, which was thoroughly addressed in the PFRD (Doc. 8 at 3-4), and briefly assert the Court does not have personal jurisdiction (Doc. 9 at 12-13 (citing Doc. 8 at 4)). Because the objection does not demonstrate that the requested relief could be granted absent naming Holder and Macias, I will overrule it.

IT IS THEREFORE ORDERED that:

1) the Magistrate Judge's PFRD (Doc. 8) is adopted by the Court;

2) Heras-Quezada's § 2241 Petition (Doc. 1) is granted; and,

3) Respondents must bring Heras-Quezada before an immigration judge within thirty days from the entry of this order for a bond hearing; if the hearing is not held within that time, then Heras-Quezada is to be released.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

261 F. 3d 1030, 1031 (10th Cir. 2001). Out of an abundance of caution, I will consider this objection since Respondents did raise the issue of dismissal in their answer to Heras-Quezada's petition. (Doc. 5 at 17.)